UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Omayra Sanchez,

    Plaintiff,

v.

Senior Living, LLC,
d/b/a Excellence Senior Living

    Defendant,

_____/

## **COMPLAINT**

Plaintiff, Omayra Sanchez, by and through the undersigned counsel, hereby sues Defendant Senior Living, LLC, d/b/a Excellence Senior Living, on the grounds set forth herein.

## Introduction

1. This is an action by Plaintiff Omayra Sanchez, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to her by the Defendant's discriminatory treatment and Retaliation based on her Race, Color, and Ethnicity (Hispanic).

## Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Orange County, within the jurisdiction of this Honorable Court.

## Parties

6. Plaintiff Omayra Sanchez is a resident of Orlando, Orange County, who was employed by Defendant Senior Living, LLC, d/b/a Excellence Senior Living, and is a member of certain protected classes of persons because of her Race, Color, and Ethnicity (Hispanic).

7. Corporate Defendant Senior Living, LLC, d/b/a Excellence Senior Living (hereinafter Excellence Senior Living, or "Defendant") is a Florida Limited Liability Company registered to conduct business in the State of Florida and within the jurisdiction of this Court.

8. At all times relevant to this complaint, Plaintiff Omayra Sanchez was employed by Excellence Senior Living as a Certified Nurse Assistant (CNA), and the parties had a contractual relationship with each other.

## Statement of Facts

9. Plaintiff Omayra Sanchez is a 46-year-old Hispanic female of Puerto Rican national origin. Plaintiff is a resident of Orlando, Orange County who was employed by Defendant Excellence Senior Living. The Plaintiff is a member of certain protected classes of persons because of her Race, Color, and Ethnicity (Hispanic).

10. Corporate Defendant Excellence Senior Living is a Seniors Assisted Living facility located at 2250 S. Semoran Blvd., Orlando, Florida 32822, where Plaintiff worked.

11. Defendant Excellence Senior Living employed Plaintiff Omayra Sanchez as a Certified Nurse Assistance (CNA) from approximately, November 15, 2022, to July 16, 2023, or 34 weeks. Plaintiff was a non-exempted, full-time hourly employee, earning $15.00 an hour.

12. Plaintiff's duties included taking care of the residents of Excellence Senior Living.

13. Throughout her employment at Excellence Senior Living, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the

required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

14. However, during her time of employment with Defendant Excellence Senior Living, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, and a hostile working environment, and was further subjected to different terms and conditions of employment and subjected to a discriminatory constructive discharge because of her Race, Color, and Hispanic Ethnicity.

15. While employed by Defendant, Plaintiff suffered discriminatory, disrespectful, and abusive treatment at the hands of DON Jasmin LNU (White).

16. Since day one, DON Jasmin showed hostility towards Plaintiff. She used her position to discriminate, harass, and mistreat Plaintiff based on her Race, Color, and Hispanic Ethnicity.

17. Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about her Race, Color, and Ethnicity (Hispanic). Defendant ridiculed and made fun of Plaintiff and other Hispanic employees' Hispanic accents, prohibiting to speak Spanish among them.

18. DON Jasmin referred to all of them as "lazy Hispanics", without regard to each employee's national origin.

19. On a daily basis, DON Jasmin made derogatory remarks about Plaintiff's Race, Color, and Ethnicity, and she freely expressed their contempt and hatred against Hispanic people. Defendant also made fun of and ridiculed employees who had a Hispanic accent.

20. DON Jasmin subjected Plaintiff to excessive job scrutiny, and surveillance, blaming Plaintiff for anything wrong that happened at the workplace. DON Jasmin assigned Plaintiff an unreasonable workload, leaving Plaintiff alone to take care of the needs of approximately 52-54 residents.

21. The frequent, severe, and offensive conduct of DON Jasmin created a hostile work environment for Plaintiff, in violation of 42 U.S.C. §1981.

22. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in her place of work. Plaintiff knew that DON Jasmin did not like her because of her Race, Color, and Hispanic Ethnicity. She was looking for excuses to humiliate her, get her in trouble, and cause her termination.

23. Plaintiff lived in anxiety and fear of losing her job. Every day she tried to do her best to avoid trouble with DON Jasmin.

24. The unlawful conduct of DON Jasmin escalated, and she became more hostile towards Plaintiff. Plaintiff was given at least 3 unfair warnings.

25. Plaintiff was denied working overtime hours, while other employees outside Plaintiff's protected class were allowed to work overtime hours.

Plaintiff worked overtime hours only one week, but she was not paid for those hours.

26. On or about June 2023, Plaintiff requested PTO time and it was denied,

27. Plaintiff complained to HR about the denial of her PTO based only on racially motivated discriminatory reasons.

28. Around June 23, 2023, Plaintiff also complained to manager Kelly LNU, about being targeted and discriminated against because of her Race, Color, and Hispanic Ethnicity.

29. After Plaintiff's complaints, Defendant did not open an investigation.

30. These complaints constituted protected activity under 42 U.S.C. §1981.

31. Defendant Excellence Senior Living failed to take any remedial actions and instead condoned the unlawful employment practices of DON Jasmin and did not take any remedial action.

32. After Plaintiff's complaints, DON Jasmin found out and told Plaintiff that she would fire her. As a result, DON Jasmin increased her harassment towards Plaintiff.

33. On or about July 16, 2023, Plaintiff went to work as usual, and she found out that DON Jasmin had placed her again to work alone on the third floor taking care of 52 or 54 residents. That floor required at least two CNAs.

34. At that point, Plaintiff was forced to resign from her position, she could not take the harassment and discrimination based on her Race, Color, and Ethnicity anymore. Plaintiff's working conditions became so intolerable that she felt compelled to resign.

35. Therefore, on or about July 16, 2023, Plaintiff suffered an adverse "tangible employment action" because she was constructively discharged. Defendant created racially motivated unfair working conditions that a reasonable person could not accept.

36. On or about July 16, 2023, Plaintiff was constructively discharged by Defendant, and her human and civil rights were violated. Plaintiff's constructive discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race, Color, and Ethnicity, in violation of both Federal and State Laws.

37. Defendant Excellence Senior Living intentionally discriminated against Plaintiff based on her Color, Race, and Hispanic Ethnicity and willfully interfered with Plaintiff's contractual relationship with Excellence Senior Living.

38. Defendant Excellence Senior Living is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which

Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, was occurring.

39. As a direct and proximate result of the acts or omissions of Defendant Excellence Senior Living, Plaintiff Omayra Sanchez has suffered damages.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY

41. Plaintiff Omayra Sanchez re-adopts every factual allegation concerning Defendant Excellence Senior Living stated in paragraphs 1-40 above as if set out in full herein.

42. This is an action against Excellence Senior Living for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

43. At all times, material hereto Defendant Excellence Senior Living was an "employer" of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

44. At all times material hereto, Plaintiff Omayra Sanchez was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

45. Plaintiff Omayra Sanchez had at all times material and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all her benefits, privileges terms, and conditions of the contractual relationship of her employment at Excellence Senior Living.

46. Defendant Excellence Senior Living has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of her Race, Color, and Ethnicity.

47. Defendant subjected Plaintiff Omayra Sanchez to different adverse employment actions, including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

48. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her

status as an employee because of her Race, Color, and Ethnicity.

49. As a direct and proximate result of the intentional violations by the Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating her differently from similarly situated employees and subjecting her to racial harassment because of her Race and Color, Plaintiff has suffered damages. Her damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of Defendant's discriminatory practices unless and until this Court grants relief.

51. The actions of Defendant Excellence Senior Living and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for their actions and to deter it, and others, from such actions in the future.

52. Plaintiff Omayra Sanchez has retained the undersigned counsel to prosecute her claims, and she is entitled to Attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## Prayer For Relief

Wherefore, Plaintiff Omayra Sanchez respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Omayra Sanchez and against Defendant Excellence Senior Living based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including Attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## Demand for a Jury Trial

Plaintiff Omayra Sanchez demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
### RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981;

53. Plaintiff Omayra Sanchez re-adopts every factual allegation stated in

paragraphs 1-40 of this complaint as if set out in full herein.

54. Plaintiff Omayra Sanchez and Defendant Excellence Senior Living had a contractual relationship.

55. Defendant Excellence Senior Living precluded Plaintiff from performing the stated contractual relationship when Defendant constructively discharged Plaintiff.

56. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race, Color, and Ethnicity, as more particularly described above.

57. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

58. The actions of Defendant Excellence Senior Living and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

59. The Plaintiff has retained the undersigned counsel to prosecute her claims and is entitled to Attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## Prayer For Relief

Wherefore, Plaintiff Omayra Sanchez respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Omayra Sanchez and against Defendant Excellence Senior Living based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including Attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## Demand for a Jury Trial

Plaintiff Omayra Sanchez demands trial by a jury of all issues triable as of right by a jury.

Date: July 31, 2023

Respectfully submitted,

By: __/s/ Zandro E. Palma____

ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
E-mail:
zep@thepalmalawgroup.com
*Attorney for Plaintiff*